UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RONALD SIMS,

               Plaintiff,                           Case No. 1:07-cv-37

v.                                                     Honorable Gordon J. Quist

RUFUS WRIGHT,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Bellamy Creek Correctional Facility.  He sues Rufus Wright, Resident Unit Manager (RUM) of the Bellamy Creek Correctional Facility.

On July 11, 2006, the Michigan Department of Corrections (MDOC) found Plaintiff guilty of a major misconduct for disobeying a direct order, and ordered him to be placed in punitive segregation for fourteen days, from July 12, 2006 to July 26, 2006.  (App. A.)  On July 26, 2006, Plaintiff informed Defendant Wright that he should be "on administrative segregation status, not punitive."  (Compl. at 4.)  Due to an alleged error, the MDOC classified Plaintiff as a "punitive segregation prisoner" for fourteen days beyond July 26, 2006, until August 9, 2006.[1]  Accordingly, Plaintiff failed to receive his personal property, or "one hour of yard" for each day that he remained classified under punitive segregation.  (Compl. at 4-5.)  To rectify the error, Defendant Wright stated that Plaintiff would receive a make-up yard period.  Plaintiff argues that he has never received the make-up yard period.

For relief, Plaintiff requests $6,000 in damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

---

[1]It is unclear from Plaintiff's complaint whether he remained in punitive segregation for all or part of those fourteen days beyond July 26, 2006, or if he was merely classified as under punitive segregation and housed in administrative segregation.

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In the MDOC, security classifications, from least to most secure, are as follows: Levels I, II, III, IV, V, VI, and segregation. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ B (effective Mar. 1, 2004). There are various types of segregation, including administrative segregation, protective segregation and punitive segregation (detention). Administrative segregation is the most restrictive and is imposed for institutional security, e.g., when a prisoner poses a serious escape risk. MICH. DEP'T OF CORR., Policy Directive 04.05.120, ¶ H (effective Mar. 27, 2006). For protective segregation, the MDOC physically separates the prisoner in order to protect him or her from harm by other prisoners. *Id.* at ¶ P. Detention, or "punitive segregation" can be imposed as a sanction for committing a major misconduct, if ordered by the hearings officer. *Id.* at ¶ T. If possible, punitive segregation is served in a "designated detention cell" rather than in administrative segregation. *Id.* A prisoner may not remain in punitive segregation for a period longer than that ordered by the hearings officer. *Id.* Reclassification from punitive segregation occurs immediately upon termination of the detention sanction. *Id.* at ¶ LLL.

While he does not specifically assert constitutional violations, Plaintiff's allegations regarding his wrongfully extended punitive segregation status implicates the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. *See Haines,* 404 U.S. at 520. As an initial matter, Plaintiff's claims are not barred by *Edwards v. Balisok,* 520 U.S. 641, 648 (1997).

A ruling on Plaintiff's constitutional claims would not necessarily imply the invalidity of his disciplinary conviction for disobeying a direct order. *Id.; see Foster-Bey v. Duncan*, No. 97-1617, 1998 WL 124002, at *2 (6th Cir. Mar. 13, 1998) (claim may be cognizable if the nature of the challenge does not undermine the validity of the decision made at the hearing) (citing *Heck v. Humphrey*, 512 U.S. 477, 482-83 (1994) and *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974)). Therefore, Plaintiff's claims are cognizable under 42 U.S.C. § 1983.

A.    **Fourteenth Amendment**

Plaintiff contends that he was wrongly placed and/or classified under punitive segregation for more time than what was ordered by the hearings officer.  The Fourteenth Amendment  states that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. CONST. AMEND. XIV.   When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990).

To determine whether segregation of an inmate involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement in punitive and administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest.  *See Harris v. Truesdell,* 79 F. App'x 756, 758-59 (6th Cir. 2003) (holding prisoner in punitive segregation for more than the time imposed by the major

misconduct, or 60 days, did not rise to a protected Fourteenth Amendment liberty interest); *Jones*, 155 F.3d at 812-13 (finding that an inmate held for two and one-half years in administrative segregation while prison officials investigated him for the murder of a prison guard did not present an "atypical and significant" hardship); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate's placement in administrative segregation, after thirty days of punitive segregation for a misconduct conviction, was not "an atypical and significant" hardship within the context of his life sentence); *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir. 1997) (inmate's continued confinement in administrative segregation for several months after the date on which he could have been released, due to prison overcrowding, did not create a liberty interest); *see also, Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio "supermax" prison for an indefinite period occasioning only annual review, and where the placement disqualifies an otherwise eligible inmate for parole consideration, coupled with several other severe restrictions, "imposes an atypical and significant hardship under any plausible baseline"). The Supreme Court has not found a liberty interest protecting against a short duration of segregation (e.g. 30 days). *Id., Sandin, supra,* at 486. Plaintiff does not allege that his extended fourteen day placement in punitive segregation has been an "atypical and significant" hardship. Consequently, I recommend that Plaintiff failed to implicate a liberty interest by his extended placement in punitive segregation.

Moreover, Plaintiff has no constitutional right to be held in a specific security classification. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Harris,* 79 F. App'x at 759 (prisoner has

- 5 -

no constitutional right to be held in a specific security classification under the Due Process Clause); *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).  Consequently, I recommend that Plaintiff's extended classification in punitive segregation implicates no liberty interest under the Fourteenth Amendment.

## B.    Eighth Amendment

Plaintiff claims that his placement and/or classification under punitive segregation was wrongfully extended.  As a result, he failed to receive his personal property, or "one hour of yard" for each day that he remained under punitive segregation.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care,

- 6 -

or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

None of the conduct alleged in Plaintiff's complaint rises to the level of an Eighth Amendment violation, and it certainly does not rise to the level of severity found in *Wilkerson, supra*. Because placement in segregation is a routine discomfort that is a "'part of the penalty that criminal offenders pay for their offenses against society,'" it is insufficient to support an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999) (holding prisoner in administration segregation beyond the date that he should have been released failed to state an Eighth Amendment claim); *Lacey v. Mich. Dep't of Corr.*, No. 95-1097, 1995 WL 564301, at *1 (6th Cir. Sept. 21, 1995) (placement in detention for five months while awaiting transfer did not violate Eighth Amendment); *Eaddy v. Foltz*, No. 84-1419, 1985 WL 14065, at *2 (6th Cir. Dec. 18, 1985) (whether an Eighth Amendment claim is stated for placement in segregation depends upon the severity or pervasiveness of conditions). Plaintiff has not alleged that his detention was more severe than the typical conditions of punitive segregation. Moreover, Plaintiff failed to show that he was denied basic human needs and requirements. Plaintiff argues that he was denied his yard time as well as his personal property for the fourteen extra days that he remained under punitive segregation. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative or punitive segregation cannot establish an Eighth Amendment violation. *See Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002) (administrative detention or disciplinary

segregation); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000)

(administrative segregation); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir.

Aug.11, 1999) (segregation).   Accordingly, I recommend that Plaintiff fails to state an Eighth

Amendment claim.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I

recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).   Should this report and recommendation be

adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the

meaning of 28 U.S.C. § 1915(a)(3).   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997).

Dated:  February 27, 2007                     /s/ Hugh W. Brenneman, Jr.
                                              Hugh W. Brenneman, Jr.
                                              United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely
objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).