UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD SIMS,

        Plaintiff,

v.                                                           Case No. 1:07-CV-37

RUFUS WRIGHT,                                   HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation dated February 27, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. In particular, the magistrate judge concluded that Plaintiff fails to state a claim for violation of his due process rights under the Fourteenth Amendment or for violation of his Eighth Amendment rights. With regard to Plaintiff's due process claim, the magistrate judge concluded that Plaintiff failed to allege that his extended fourteen-day placement in administrative segregation constituted an "atypical and significant" hardship beyond the normal incidents of prison life. He also noted that Plaintiff has no constitutional right to be held in any particular security classification. Regarding Plaintiff's Eighth Amendment claim, the magistrate judge concluded that such claim fails because Plaintiff does not allege that he was deprived of a basic human need. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his objections, Plaintiff conflates principles of his due process claim with those of his Eighth Amendment claim. Regarding his due process claim, Plaintiff states that segregation does in fact impose a hardship upon an inmate who does not deserve to be placed there, but, as the

magistrate judge noted, the hardship must be atypical. The magistrate cited several cases from the Sixth Circuit finding that circumstances much more severe than Plaintiff's fourteen-day extension in punitive segregation did not constitute an atypical and significant hardship. Regarding his Eighth Amendment claim, Plaintiff concedes that he was not deprived of basic necessities. His argument is that even if a prisoner receives basic necessities, a threat to place a prisoner, or actual placement, in administrative segregation, without justification, should constitute cruel and unusual punishment. However, as set forth in the report and recommendation, this argument is contrary to established Eighth Amendment law. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 27, 2007 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. This Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.


Dated: May 22, 2007                    /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE